**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JANAE SADE ELLIS,

        Plaintiff,                            CASE NO. 11-12418
v.                                     HON. MARIANNE O. BATTANI

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**OPINION AND ORDER OF THE COURT ADOPTING REPORT AND
RECOMMENDATION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

Plaintiff Janae Sade Ellis brings this action pursuant to 42 U.S.C. § 405(g), challenging the final decision of the Commissioner denying her application for disabled Child's Insurance Benefits and Supplemental Security Income under the Social Security Act, 42 U.S.C. § 401 et seq. Plaintiff filed her claims on April 22, 2009, alleging disability as of January 1, 1999. After Plaintiff's claim was denied, she requested a hearing. Administrative Law Judge Daniel G. Heely ("ALJ") presided over the October 8, 2009 hearing. In a decision dated February 10, 2010, the ALJ denied benefits.

On October 4, 2011, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Plaintiff timely filed this action for judicial review of the Commissioner's decision. The case was referred to Magistrate Judge David R. Grand pursuant to 28 U.S.C. § 636. The parties filed cross-motions for summary judgment. In his Report and Recommendation (R&R), Magistrate Judge Grand recommended that Plaintiff's Motion for

Summary Judgment be denied and that Defendant's Motion for Summary Judgment be granted.

Plaintiff timely filed an objection to the R & R. For the reasons stated below, the Court adopts the Magistrate Judge's recommendation and denies Plaintiff's Motion for Summary Judgment and grants Defendant's Motion for Summary Judgment.

## II. STANDARD OF REVIEW

In cases where a magistrate judge has submitted a report and recommendation and a party has properly filed an objection, the district court conducts a *de novo* review of those parts of the report and recommendation to which the party objects. 28 U.S.C. § 636(b)(1). Review of the Commissioner's decision is limited to determining whether the findings are supported by substantial evidence, and whether the Commissioner employed proper legal standards in reaching his conclusion. Brainard v. Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of HHS, 987 F.2d 1230, 1233 (6th Cir. 1993). A decision that is supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (internal quotation omitted); Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

When determining whether the decision is supported by substantial evidence, the court must take into consideration the entire record, including "whatever in the record fairly detracts from its weight." Mullen, 800 F.2d at 545. When the Appeals Council declines to review the ALJ's decision, the court's review is limited to the record and evidence before

2

the ALJ. Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993). The court may not review the evidence *de novo*, make determinations of credibility or weigh the evidence. Brainard, 889 F.2d at 681. Credibility determinations by the ALJ should be accorded deference by the reviewing court. Mullen, 800 F.2d at 545 (internal quotation omitted).

### III. ANALYSIS

Disability claims are evaluated through a five-step sequential process. 20 C.F.R. § 404.1520. See also Kirk v. Sec'y of HHS, 667 F.2d 524, 529 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). The burden of proof to show a disability is on the claimant through the first four steps of the process. If a claimant meets this burden, the fifth step shifts the burden to the Commissioner. Preslar v. Sec'y of HHS, 14 F.3d 1107, 1110 (6th Cir. 1994).

The first step of the process examines whether the claimant is currently engaged in substantial gainful activity. If the claimant is so engaged, she is not disabled under the guidelines. The second step examines whether the claimant has a severe impairment which significantly limits her ability to perform work-related functions. Id. If a severe impairment is found, the third step requires comparison of the impairment to those impairments listed in Appendix I, 20 C.F.R. § 404, Subpt. P, to determine if, on the medical evidence alone, the claimant is disabled. Id. If the claimant is not disabled under the third step, the fourth step requires a determination of whether the claimant can perform relevant past work. If claimant cannot perform relevant past work, the fifth step shifts the burden to the Commissioner to establish that the claimant has transferable skills which enable her to perform other work in the national economy. Id.

Here, Plaintiff objects to the ALJ's conclusion that given Plaintiff's age, education,

lack of work experience, and residual functional capacity, Plaintiff could perform a significant number of jobs existing in the national economy. The ALJ found Ellis possessed:

> the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: She can communicate in simple, everyday-type of English, with the ability to read simple materials, but nothing complex, technical or scientific. She has no exertional limitations. She can work at jobs involving simple, routine tasks, but no high volume production-type jobs with quotas.

(TR 18). Based on the ALJ's assessment of Plaintiff's RFC, the vocational expert testified that Ellis could work as a general laborer, vehicle cleaner, or cafeteria attendant. The opinion took into consideration Plaintiff's basic characteristics, with no exertional limitations, but limited to jobs "involving simple, routine tasks, but no high volume production line types of jobs with mandatory quotas." (Tr. At 60).

Ellis asserts that the ALJ disregarded substantial evidence offered by her own testimony and that of her father regarding her difficulties with concentration, understanding, and following directions. In her Objection, she notes that she has never worked, and she attended special education classes in math, science, history, and English. Her father testified that Ellis would need help and only after an extended period of time would his daughter be capable of performing a job. Ellis concludes that this testimony precluded competitive employment.

In further support of her position, Ellis relies on an evaluation by a teacher showing she had a short attention span and lacked continuity of effort (Tr. 215); a report from Dr. Rody Yezman that her borderline memory skills suggested difficulty with attention and concentration (Tr. 210); and the opinion of the consultative examiner, Hugh Bray, that her

4

stream of mental activity was "simple, concrete and vague." (Tr. 217).  Lastly, Ellis objects to reliance on her completion of two regular community college classes and attendance at a cosmetology program with assistance as a basis for finding she could perform work eight hours a day, five days a week.  (See R&R at 15).

The Court rejects Plaintiff's arguments.  In contrast to the ALJ, who properly considered the entire record, including evidence that undermines Plaintiff's claim, Ellis plucks favorable bits and pieces from the record.  For example, she pulls Bray's comment on her mental activity, but ignores Bray's opinion that Plaintiff's "psychological issues will not significantly interfere with [her] ability to do work related activities doing repetitive tasks." (Tr 219).  Moreover, Plaintiff's daily activities included caring for herself, attending school, movies, and church, housekeeping, volunteering at church, and caring for her brother in her father's absence.   This Court's role is merely to determine whether substantial evidence supports the decision.  Here, there is ample evidence in the record to support the ALJ's conclusion that Plaintiff is not disabled.

## V.  CONCLUSION

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's recommendation and **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

**IT IS SO ORDERED.**

                                                  s/Marianne O. Battani
                                                  HON. MARIANNE O. BATTANI
                                                  UNITED STATES DISTRICT JUDGE

DATE: August 31, 2012

## CERTIFICATE OF SERVICE

Copies of this Opinion and Order were served upon all parties of record via ordinary U.S. Mail and/or electronically.

                                                s/Bernadette M. Thebolt
                                                Case Manager